# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Case No. 1:23-cv-112 |
| TOVAR SNOW PROFESSIONALS, INC. and ERIE INSURANCE, | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Owners Insurance Company ("Owners"), through its undersigned attorneys, hereby brings its Complaint for Declaratory Judgment against Tovar Snow Professionals, Inc. ("Tovar") and Erie Insurance ("Erie") (collectively "Defendants"), and in further support thereof, alleges as follows:

## NATURE OF THE CASE

1. This is a Declaratory Judgment action to determine the rights and obligations under a commercial general liability policy, arising out of a slip and fall event that occurred on January 24, 2019, in which Spencer Garcia ("Garcia") was injured after he slipped and fell on a patch of ice.

2. Owners seeks a declaration that Owners' rights and obligations have been satisfied and Owners has rightfully and fully discharged its obligation to tender Tovar's defense.

## THE PARTIES

3. Owners is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located in Lansing, Michigan. Therefore, Owners is a citizen of the States of Ohio and Michigan.

4. Owners issued Landscapes by Gary Weiss a commercial general liability insurance policy ("Policy").

5. Tovar is a corporation organized and existing under the laws of Illinois, with its principal place of business located in Dundee, Illinois. Therefore, Tovar is a citizen of the State of Illinois.

6. Tovar is the named insured under a policy issued by Erie Insurance.

7. Erie Insurance is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located in Erie, Pennsylvania. Therefore, Erie Insurance is a citizen of the State of Pennsylvania.

8. Erie is the commercial general liability carrier for Tovar.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

10. Venue is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this lawsuit occurred in the Northern District of Illinois, including where the slip and fall occurred in Cary, Lake County, Illinois.

11.  An actual justiciable controversy exists between Owners and Defendants, and pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, this Court has the authority to declare the rights and liabilities of the parties, and to grant such relief as it deems necessary and proper.

## FACTUAL BACKGROUND

### A. The Slip and Fall Accident

12.  Landscapes by Gary Weiss and Tovar entered into a service agreement ("Agreement") for snow and ice removal for the property located at 3909 Three Oaks Road, Cary, Illinois ("Property").

13.  Under the terms of the Agreement, Landscapes by Gary Weiss was responsible for clearing snow and ice from the Property's parking lot and Tovar was responsible for clearing snow and ice from the Property's sidewalk.

14.  Under the terms of the Agreement, Owners also agreed to accept the tender of defense of Tovar for any claim or suit with respect to liability arising out of Landscape by Gary Weiss' work for Tovar Snow Professionals.

15.  Landscapes by Gary Weiss worked overnight on January 23, 2019, through January 24, 2019, to clear the parking lot of snow and ice following a winter weather event.

16.  On January 24, 2019, Garcia parked his car at his former place of employment, which was located at the Property. After exiting his car, Garcia walked through the parking lot toward the building entrance.

17.  Garcia intended to use the sidewalk leading from the parking lot to the building in order to enter the building, just as he had numerous times before.

18.  As soon as Garcia stepped onto the sidewalk, however, he slipped on ice and fell to the ground. Garcia landed on his rear end, back, and head.

19. Garcia informed his supervisor about the incident and his supervisor made a safety report documenting the accident.

20. Garcia alleges that he suffered back injuries, including a disc herniation, as a result of the fall. Garcia also claims he lost wages as a result of the fall.

**B.      The Underlying lawsuit and the Policy**

21. Garcia filed suit against Landscapes by Gary Weiss and Tovar following the slip and fall accident.

22. Pursuant to the Agreement, Tovar tendered its defense to Landscapes by Gary Weiss.

23. On November 16, 2021, Owners notified Tovar that it determined Tovar was an additional insured under the terms of the Policy and accepted the tender of defense of Tovar in the Garcia matter.

24. Owners, however, accepted the tender of defense of Tovar under a reservation of rights and clarified Owners' indemnity obligations only extended to a potential claim arising with respect to liability arising out of Landscapes by Gary Weiss' work for Tovar.

25. The Policy, as modified by the Endorsement, provides as follows:

SECTION I – COVERAGES is amended.

　　A. COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1.

　　1.      Insuring Agreement

　　　　a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or "occurrence" and settle and claim or "suit" that may result. However,

　　　　(1)      The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

4

> (2) Our right and duty to defend end when we have used up the applicable limit of insurance . . .
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.
> If [Owners] initially defend an insured or pay for an insured's defense but later determine that the claim(s) is (are) not covered under this insurance, [Owners] will have the right to reimbursement for the defense costs we have incurred.
> The right to reimbursement for the defense costs under this provision will apply to defense costs we have incurred after we notify you in writing that there may not be coverage, and that we are reserving our rights to terminate the defense and seek reimbursement for defense costs.

26. Therefore, under the Policy, if Owners initially defended an insured or paid for an insured's defense, but later determined that the claim was not covered by the Policy, Owners reserved the right to terminate the defense and seek reimbursement for defense costs.

27. During discovery, Tovar's employees testified that clearing the sidewalks of snow and ice was solely Tovar's responsibility.

28. Garcia also testified that he fell when he stepped on the sidewalk and that the ice on the sidewalk was the only thing that caused him to fall.

29. Therefore, Owners determined that Garcia's injuries did not arise out of Landscapes by Gary Weiss' work for Tovar and informed Erie that it no longer accepted the tender for Tovar's defense.

30. On or about September 8, 2022, Garcia and Landscapes by Gary Weiss settled all claims against Landscapes by Gary Weiss and were granted a good faith finding that the settlement was reached in good faith.

31. The suit between Garcia and Tovar remains unresolved.

## COUNT I – DECLARATORY JUDGMENT

32. The foregoing paragraphs of this Complaint are incorporated in this Paragraph 32 as if specifically and fully set forth.

33. The Policy, at most, covers only indemnity obligations with respect to liability arising out of Landscapes by Gary Weiss' work for Tovar.

34. The Policy also allows Owners to reserve its right to terminate Tovar's defense if it determines the claim is not covered by the Policy.

35. Based on the uncontroverted testimony, Garcia's injuries did not arise out of Landscapes by Gary Weiss' work for Tovar. Further, Garcia's claims against Landscapes by Gary Weiss have already been resolved through a good faith settlement.

36. Owners denies any liability for Tovar's actions and Owners is in danger of loss unless the Policy and Agreement are properly construed and the rights of all parties hereto determined in this action.

37. Therefore, Owners seeks a declaration that the Policy does not require Owners to tender defense of Tovar when Tovar was solely responsible for Garcia's injuries and all claims against Landscapes by Gary Weiss have been resolved.

WHEREFORE, Owners respectfully requests that this Court enter judgment as follows:

(1) Declaring that Owners has no obligation to defend Tovar and that Owners rightfully denied tender of Tovar's defense;

(2) Declare that Owners has fully satisfied its obligations under the Policy; and

(3) Award Owners any such other relief that the Court deems just and proper.

Dated this 9th day of January, 2023

Respectfully submitted,

/s/ Krysta K. Gumbiner
Krysta K. Gumbiner
Daniel L. Moeller
Dinsmore & Shohl LLP
222 W. Adams Street, Suite 3400
Chicago, IL 60606
Phone: (312) 372-6060
Fax: (312) 372-6085
Krysta.Gumbiner@Dinsmore.com
Daniel.moeller@dinsmore.com

***Attorneys for Owners Insurance Company***